**SYNTHES SPINE COMPANY, L.P., Plaintiff,**

v.

**John CALVERT, Defendant.**

No. 02–73732.

United States District Court, E.D. Michigan, Southern Division.

June 18, 2003.

Anthony B. Haller, Stephanie A. Bilenker, Pepper Hamilton, Philadelphia, PA, Matthew J. Lund, Pepper Hamilton, Detroit, MI, for plaintiff.

John Calvert, pro se, Flushing, MI.

### MEMORANDUM AND ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [1]

COHN, District Judge.

## I. Introduction

This is a breach of contract case in the employment context seeking the return of company property. Plaintiff Synthes Spine Company, L.P. (Synthes), says that defendant John Calvert (Calvert), proceeding *pro se*, refused to fulfill his contractual obligation to return Synthes's sales samples valued at $217,690.46. Calvert was employed by Synthes as a sales consultant.

Before the Court is Synthes's motion for default judgment or for summary judgment. Synthes says that a default judgment under Fed.R.Civ.P. 37 is appropriate because Calvert refused to attend his deposition or answer plaintiff's interrogatories. Synthes alternatively says that it is entitled to summary judgment on the merits of the case. Calvert has not responded to the motion.[2] For the reasons which follow, Synthes's motion for summary judgment is GRANTED and a judgment will enter in favor of Synthes.

## II. Background

Calvert was hired by Synthes as a sales consultant in April of 1999. Synthes is a limited partnership which manufactures, produces and markets medical implants and surgical instruments. When Calvert began working for Synthes, he signed two agreements which, among other things, obligated him to return all Synthes's property when he left his employment. After Calvert had left Synthes's employment in October of 2001,[3] he failed to return all of the sales samples [4] he had been given to use during his employment with Synthes. Both Calvert's former regional manager and another Synthes sales consultant tried to locate Calvert's sales samples, but only some of them were found.[5] The missing property, according to Synthes, is valued at $217,690.46.

---

1. Although the Court originally scheduled this matter for hearing, upon further review of the papers, the Court finds that oral argument is not necessary. *See* E.D. Mich. LR 7.1(e)(2).

2. On May 15, 2003, the Deputy Clerk mailed Calvert a notice of hearing on Synthes's motion. The notice states that Calvert "shall file a response to [Synthes's] motion on or before 6/13/03." Calvert did not file a response as directed.

3. Synthes says that Calvert was terminated from his employment because of poor performance.

4. Synthes says the missing sales samples include: *Top Loading System—Click X; Starlock Ti Clamp/Screw Set; ACF Spacer Instrument Set; Synmesh—Instrument and Implant Set;* and a "Demineralized Bone Matrix (DBX)" Presumably, these samples are some type of medical instruments, although Synthes does not clearly state what these samples are.

5. Synthes filed a declaration by Jacqueline L. Mester, Human Resources Manager for Synthes who states that "despite numerous demands," Calvert has failed to return the sales samples. Synthes relies on this declaration for its claims.

Synthes filed suit against Calvert on September 18, 2002 to recover the sales samples and/or their value. Synthes made claims for (1) breach of contract, and (2) claim and delivery. On March 4, 2002, Calvert was served with Interrogatories and Requests for Production of Documents. Calvert was also given notice of a deposition for April 22, 2003. Calvert requested the deposition be rescheduled for April 29; Synthes agreed. However, on the day of the scheduled deposition, Calvert contacted counsel for Synthes and informed them he would not attend his deposition and that Synthes should file a judgment against him. Synthes counsel then sent Calvert a consent judgment to sign along with a letter memorializing their conversation about filing for the judgment. Synthes proposed a judgment against Calvert in the amount of $217,690.46. Calvert did not sign the consent judgment nor did he contact Synthes's counsel. Synthes then filed the instant motion.

### III. Legal Standards

#### A. Rule 37

Federal Rule of Civil Procedure Rule 37 provides in relevant part:

(d) Failure of a Party to Attend at Own Deposition or Serve Answers to Interrogatories or Respond to Request for Inspection. If a party or an officer, director, or managing agent of a party or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a party fails (1) to appear before the officer who is to take the deposition, after being served with proper notice, or (2) to serve answers or objections to interrogatories submitted under Rule 33, after proper service of the interrogatories, or (3) to serve a written response to a request for inspection submitted under Rule 34, after proper service of the request, the court in which the action is pending on motion may make such or-

ders in regard to the failure as are just, and among others it may take any action authorized under subparagraphs (A), (B), and (C) of subdivision (b)(2) of this rule.... [such actions include dismissal of the case]....the court shall require the party failing to act....to pay the reasonable expenses, including attorney's fees, caused by the failure....

Fed.R.Civ.P. 37(d).

#### B. Summary Judgment

Summary judgment will be granted when the moving party demonstrates that there is "no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c). There is no genuine issue of material fact when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

The Court must decide "whether the evidence presents a sufficient disagreement to require submission to a trier of fact or whether it is so one-sided that one party must prevail as a matter of law." *In re Dollar Corp.*, 25 F.3d 1320, 1323 (6th Cir.1994) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). The Court "must view the evidence in the light most favorable to the non-moving party." *Employers Ins. of Wausau v. Petroleum Specialties, Inc.*, 69 F.3d 98, 101 (6th Cir. 1995). Only where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law may summary judgment be granted. *Thompson v. Ashe*, 250 F.3d 399, 405 (6th Cir.2001).

### IV. Analysis

#### A. Rule 37

Synthes argues that under Fed.R.Civ.P. 37(d), they are entitled to a default judg-

ment in their favor since Calvert failed to show up for his deposition and also failed to respond to the interrogatories. Calvert was given notice of his deposition and the interrogatories more than a month ahead of time. Calvert even requested Synthes push back the date of the deposition a week, which Synthes did at his request. Calvert was aware of the day of the deposition because he phoned Synthes counsel and informed them he would not be showing up. Calvert also suggested Synthes file a judgment against him. Synthes's counsel then sent Calvert a consent judgment to sign; Calvert never responded.

Calvert had proper notice of his deposition and even had the date changed to suit his needs. However, he still failed to show up for the deposition. Since Clavert neither appeared at the deposition, nor answered the interrogatories, he has shown on more than one occasion the inability to conform to the rules of discovery. His suggestion to Synthes's counsel that they file judgment against him further supports this belief, as does his failure to respond to the consent judgment Synthes sent him. Although the Court has the authority under Rule 37(d)[6] to enter a default judgment against Calvert under the circumstances, the Court, in its discretion, declines to do so and will instead consider the merits of Synthes's motion.

### B. Summary Judgment

Synthes first argues that summary judgment should be granted on the claim and delivery claim. In order to prevail on this claim, Synthes must "have a right to possess goods or chattels which the defendant has unlawfully taken or detained" and have suffered damages. M.C.R. 3.105(A). *See also* M.C.L.A. § 600.2920.

Here, Synthes is suing to recover property given to Calvert for use in his employment. Calvert signed agreements stipulating he would return all Synthes property at the conclusion of his employment and has yet to fulfill this obligation. Synthes argues that all the elements of claim and delivery have been satisfied, so summary judgment is appropriate.

Although Calvert did not file a response to Synthes's motion, he did file an answer to Synthes's complaint. His answers to the initial complaint suggest that if he were to defend against Synthes complaint, he would deny having the missing sales samples. He also alleged to have returned the missing sales samples to Synthes's agent, Jim Rice. However, Calvert has not provided any evidence to support this. Absent any evidence, Calvert has failed to create a genuine issue of material fact. Synthes is therefore entitled to summary judgment on its claim and delivery claim.

Synthes also argues that summary judgment should be granted for the contract claim. The elements for a breach of contract claim are: (1) a contract between the parties, (2) the terms of the contract require performance of a certain action, (3) a breach, and (4) the breach caused injury to the other party. *See Webster v. Edward D. Jones & Co.*, 197 F.3d 815, 819 (6th Cir.1999). Synthes has filed two signed contracts between the parties which both require Calvert to return Synthes's property upon termination.[7]

---

6. Synthes is also seeking attorney's fees from Calvert as a result of his failure to attend the deposition. Although Rule 37(d) states that "the court should require the party failing to act...to pay the reasonable expenses, including attorney's fees, caused by the failure," the Court also declines to award Synthes attorney fees.

7. Synthes has furnished copies of a *Confidentiality, Non–Solicitation and Non–Competition Agreement* and an *Employee Innovation and Non–Disclosure Agreement*, both signed by Calvert.

Calvert's failure to return all the sales samples after leaving Synthes's employment is in violation of his contractual obligations and has caused injury to Synthes. Without any evidence to the contrary, summary judgment is also appropriate on Synthes's breach of contract claim.

### V. Conclusion

For the reasons stated above, Synthes's motion for summary judgment is GRANTED. A judgment shall enter in favor of Synthes and against Calvert in the amount of $217,690.46.[8]

SO ORDERED.

---

8. It appears that Synthes is seeking only a money judgment against Calvert in the amount of the value of the missing sales samples. Should Synthes want an alternative form of judgment, i.e. to allow it to search for the sales samples, they shall so advise the Court within 10 days.